COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-286-CR

 

 

THOMAS WARREN DOWDEN                                                           APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








Appellant
Thomas Warren Dowden appeals from a judgment of conviction for aggravated
assault with a deadly weapon, enhanced by a prior felony conviction, and a
judgment of conviction for possession of a firearm by a felon. Appellant waived
his right to a trial by jury and proceeded to trial before the court.  He also stipulated that he had previously
been convicted of the felony offense of aggravated assault on a police
officer.  In his first two points, he
claims that the evidence was legally and factually insufficient to support the
convictions.  In his third point, he maintains
that he was denied his right to effective assistance of counsel at trial.  We resolve these points in favor of the State
and affirm the trial court=s
judgments.

                                                       The
Facts

On
the night of December 30, 2007, the Fort Worth Police Department received a Aloud
music@
complaint and dispatched police officers Anthony Staggs and Ryan Timmons to the
1800 block of Highland Avenue. When they arrived, they found that the loud
music was coming from a Ford F-250 pickup parked in the street near a
house.  Staggs got out of the police car
and went over to the truck.  The man
inside, whom Staggs identified as Appellant, appeared to be asleep in the front
passenger seat.  Staggs then shined his
flashlight on Appellant; announced, APolice@;
and tapped on the window.  While rolling
over, Appellant picked up his loaded gun and pointed it at Staggs=s
head.  Staggs feared he was about to be shot and perhaps killed.

Staggs
repeated that he was a police officer and ordered Appellant to drop the
gun.  After Appellant did not drop the
gun, Staggs moved back from the truck out of the line of sight.  As he did, Appellant kept his gun aimed at
him.  Timmons ran toward the truck.  Staggs then drew his gun, and Appellant
raised his hands, still holding the gun. 
Appellant finally did drop the gun but refused to obey the officers=
other commands.








Timmons
broke out the passenger side window while Staggs tried to remove Appellant from
the truck.  As he did so, Appellant tried
to hit him.  When the officers used pepper spray, Appellant climbed
out the driver=s
side of the truck and ran to his house. 
Timmons caught Appellant at the front door and struggled with him.  After Staggs kicked Appellant using Aknee-strikes@ and
used a Taser on Appellant, the officers subdued him.

After
taking Appellant into custody, the officers found the gunCa
Ruger 9 millimeterCwith a fully loaded
magazine, a second loaded magazine, and a half empty bottle of Crown Royal
whiskey, along with other items, inside the truck.

Following
his arrest, Appellant was medically examined. 
His coccyx (tailbone) had been recently fractured.  He had a hemorrhage to his right eye, pain in
one of his shoulders, acute trauma in his lower back, and scratches and
contusions to his forehead, among other injuries. 

Appellant=s
Defensive Claims

Appellant
testified that on the night of December 30, he and his wife had gone out to
dinner and to play cards.  He had a few
drinks that night.  Upon returning to his
house, Appellant decided to stay outside in his truck and listen to music.  In grand jury testimony, a transcription of
which was admitted as State=s
exhibit 4, Appellant had admitted to having his gun in his truck and to have
driven in it for two days.








Appellant
also testified that after falling asleep in his truck, he was awakened by a
bright light and a gun pointed at him. 
He testified that he was scared and pointed his gun. When the officers
backed up, he saw the Fort Worth Police car, threw his gun down, and raised his
hands.  He claimed that he did not hear
them identify themselves as police but believed he was being robbed.  He also denied struggling against the
officers.  On cross examination, he
acknowledged that he had not dropped the gun, but that he had put it between
the seat and center console, and that he had put Staggs in danger of serious
bodily injury.

At
the conclusion of the trial, the trial court acknowledged that both sides
presented conflicting versions of the relevant events, requiring an evaluation
of the credibility of the witnesses.  The
trial court fully discussed the offenses and events of the night.  The trial court believed the State=s
witnesses and found its evidence credible; it disbelieved Appellant and found
him not credible. 

                                         Sufficiency
of the Evidence

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).








This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235
S.W.3d at 778.  The trier of fact is the
sole judge of the weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim.
App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9, 16B17
(Tex. Crim. App. 2007).  We must presume
that the factfinder resolved any conflicting inferences in favor of the
prosecution and defer to that resolution. 
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235
S.W.3d at 778.








When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246
(Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s
determination is manifestly unjust.  Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, although legally sufficient, contradicts the
judgment when the trial court is the trier of fact.  Watson, 204 S.W.3d at 417.  

Unless
we conclude that it is necessary to correct manifest injustice, we must give
due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always factually sufficient when
it preponderates in favor of the conviction. 
Steadman, 280 S.W.3d at 247; see Watson, 204 S.W.3d at
417.

The
elements of the offense of aggravated assault with a deadly weapon are that a
person intentionally or knowingly threatens another with imminent bodily
injury, while using or exhibiting a deadly weapon.  Tex. Penal Code Ann. ''
22.01(a)(2), 22.02(a)(2) (Vernon Supp. 2009). 
The record here demonstrates that Appellant picked up a loaded gun and
pointed it at Staggs=s head.  Therefore, viewing the evidence in the light
most favorable to the verdict, we hold that the evidence is legally sufficient
to support Appellant=s conviction for aggravated
assault with a deadly weapon.








Appellant
would be guilty of the offense of possession of a firearm by a felon if he had
been convicted of a felony five or more years prior to this offense and
thereafter was found in possession of a firearm at a place other than where he
lives.  See Tex. Penal Code Ann. '
46.04 (Vernon Supp. 2009).  Here, the
record reveals that Staggs found appellantCwho
had a felony conviction more than five years earlierCsitting
in a truck outside his home with a loaded weapon.  Appellant admitted that he had driven the
truck with the firearm in it on the day of the incident and the day before the
incident.  Accordingly, Appellant admitted to possession of a firearm
while away from the premises where he lived. 
Thus, viewing the evidence in the light most favorable to the verdict,
we hold that the evidence is legally sufficient to support Appellant=s
conviction for possession of a firearm by a felon.

Looking
to the question of the factual sufficiency of the evidence and reviewing all
the evidence, we held that its factually sufficient.  See Johnson, 23 S.W.3d at 11.  Looking at the grand jury and trial court
testimony of Appellant, it is apparent that he defended the assault charge with
the claim of self-defense and the claim of possessing the firearm at the
premises where he lived.  His claim of
self-defense was based upon his assertion that he did not know that the persons
tapping on his window with a light and shouting, APolice,@
were police officers and that he thought he might be being robbed.  He claimed that the gun was found in his
truck at his home, the truck being parked in front of his house with the two
wheels closest to the house being on the sidewalk.  

The
trial court disbelieved Appellant=s
claims and specifically found that the truck was parked in a public place.  Without regard to where the truck was parked,
Appellant admitted to having driven his truck around with the gun in it the day
of the incident and the day before the incident.








The
trial court=s
findings under all the evidence do not shock the conscience or show bias.  See Sells v. State, 121 S.W.3d 748,
754 (Tex. Crim. App. 2003), cert. denied, 540 U.S. 986 (2003).  Nor are the findings manifestly unjust.  We overrule Appellant=s
first and second points.

                                    Ineffective
Assistance of Counsel

In
his third point, Appellant questions his trial counsel=s
tactics in allowing him to testify before the grand jury.  To establish ineffective assistance of
counsel, an appellant must show by a preponderance of the evidence that his
counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).








In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89,
104 S. Ct. at 2065.  Review of
counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim. Thompson, 9 S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The
second prong of Strickland requires a showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial with a reliable result.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. 
In other words, appellant must show there is a reasonable probability
that, but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.








The
record here does not establish counsel=s
reasoning in allowing Appellant to testify. 
Under such circumstances, we are not to speculate on counsel=s
reasoning.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We thus must conclude that no error is shown.

Appellant
asserts that we should not inquire into trial strategy absent no possible basis
existing to determine counsel=s
reason for having him give grand jury testimony.  See Johnson v. State, 614 S.W.2d 148,
152 (Tex. Crim. App. 1981).  Appellant
argues,

Appellant=s point is simple.  Trial counsel permitted him to testify before
the grand jury to either obtain a no-bill or to presumably defeat the law
enforcement component of the charge.  This tactic is questionable at
first blush in the sense that it allowed the State to re-indict and prove up a
new charge.  On the other hand, Appellant
is mindful of the argument that Appellant=s testimony might well have been the deciding
factor in persuading the Grand Jury to indict him on the lesser charge of Aggravated
Assault.

 

This argument defeats
itself.  Acknowledging that we should not
inquire into the trial tactics absent a possible basis to make the decision,
Appellant acknowledges a reasonable basis existed.  We therefore overrule Appellant=s
third point.








                                                     Conclusion


Having
overruled all three of Appellant=s
points, we affirm the trial court=s
judgments.

 

CHARLES BLEIL

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MEIER, J.; and CHARLES
BLEIL (Senior Justice, Retired, Sitting by Assignment).  

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 15, 2010











[1]See Tex. R. App. P.
47.4.